## UNITED STATES v. HERTING.

### No. 6206.

District Court, S. D. Florida, Miami Division.

Jan. 13, 1943.

Herbert S. Phillips, U. S. Atty., and Ernest L. Duhaime, Asst. U. S. Atty., both of Miami, Fla., for plaintiff.

Henry R. Carr, of Miami, Fla., for defendant.

HOLLAND, District Judge.

Information was filed on November 30, 1942, charging a violation of 10 U.S.C.A. § 1393. The defendant entered a plea of not guilty. Mr. H. C. Carr was appointed counsel for the defendant. Trial by jury was waived, and the Court sitting without a jury proceeded to hear evidence.

It first becomes important to determine the defendant's military record. Defendant was a sergeant in the Maryland National Guard March 23, 1916. He was a private in Company I, Fifth Maryland Infantry on June 20, 1916. He was a wagoner on December 31, 1916. Theretofore on July 1, 1916, he was mustered into Federal Service on the Mexican Border. He was mustered out of the Federal Service on the Mexican Border February 24, 1917. He was honorably discharged on April 17, 1917. He enlisted in the Fourth Maryland Infantry of the Maryland National Guard on July 10, 1917, while said National Guard was in Federal Service. He was made sergeant on September 1, 1917. He again became a private on December 20, 1917, and a wagoner on August 1, 1918. Defendant was in service overseas from June 15, 1918, to March 18, 1919, and was honorably discharged on March 31, 1919. While in Overseas Service in World War I he was wounded several times. His record shows that he was a casual on April 21, 1918. He was a patient at a hospital on October 18, 1918, while he was suffering severe wounds, and he was again noted as a casual on November 23, 1918.

Later defendant became connected with the Maryland State Guard. On August 15, 1941, by General Orders No. 42, he was appointed second lieutenant, Infantry, with rank from June 27, 1941. He was transferred to the unassigned list as of March 11, 1942, by virtue of General Orders No. 9 issued April 14, 1942. Hence it is that defendant is now a member of the Maryland State Guard on unassigned list, with

the rank of second lieutenant. Sometime prior to June 27, 1941, the Maryland National Guard was mustered into Federal Service. Under Section 58A of the Military Law of the State of Maryland the Governor of Maryland issued an order, and there was organized the Maryland State Guard. Acts 1941, c. 33. Under the Military Law of Maryland use of the State Guard in the State of Maryland is provided for in Section 58E. Use of the State Guard outside the State of Maryland is not required, except under certain conditions not present in this case. See Section 58F.

Section 1393 of 10 U.S.C.A. protects the uniform of the United States Army, Navy and the Marine Corps, against misuse by any person not an officer or enlisted man of such Army, Navy or Marine Corps. I find that the defendant is not an officer or enlisted man of the United States Army, Navy or Marine Corps. The uniform in evidence, and which was worn by the defendant, has a distinctive part of the uniform of the United States Army, and is also similar to a distinctive part of the duly prescribed uniform of the United States Army.

An analysis of the exceptions or provisos in said Section 1393, whereby the said United States uniform may be worn, discloses the fact that the defendant does not come within any of said exceptions. The defendant is not a member of the Maryland National Guard. While he was a sergeant at one time during his Overseas Service, defendant was a private at the time of his honorable discharge from Federal Service on March 31, 1941, therefore he is not to be regarded as an officer at the time of his discharge from the Federal Service. At the time of his arrest in the instant case, he was not wearing the uniform which he received while in Federal Service. No occasion of ceremony was in session at the time of his arrest, and his wearing his Maryland State Guard uniform was not incident to any ceremony.

Furthermore, defendant was wearing in Florida a uniform of the Maryland State Guard, and the Maryland State Guard was not to be used out of the State or in Federal Service. See Sections 58E, 58F and 58H of the Military Law of the State of Maryland.

While the evidence shows that the defendant, because of his Overseas Service wounds was a member of the Purple Heart, the defendant's wearing of the uniform when arrested was not on occasion of ceremony for reasons heretofore assigned. The uniform of the Maryland State Guard is not the duly prescribed uniform for members of the Purple Heart, and the record fails to disclose that there is any separately, or individually, prescribed uniform for such members of the Purple Heart. Furthermore, the wearing of the bar on the shoulder of the uniform conflicts with the provisions of said Section 1393, the same being the concluding part of the last paragraph of said Section. Furthermore, even though the defendant is a member of the Order of the Purple Heart, the record fails to show that the Secretary of War had designated the character of uniform in evidence to distinguish same.

The verdict of the Court is therefore that the defendant is guilty, and he will be so adjudged in a formal commitment.

In view of the time served by this defendant in jail, and in view of his military record in World War I, the term of imprisonment will, by the formal sentence, be made exceedingly short. Furthermore, upon a proper showing hereafter by the defendant of a disposition to discontinue the offensive practices in regard to the military uniform of the United States Army, I now state that favorable recommendation would be made for the granting of executive clemency in this defendant's case in restoration of all rights which may be affected by his conviction.

This memorandum will be filed and made a part of the record in this case.